**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* N.S.

**No. 25-64** (Harrison County CC-17-2024-JA-143)

## MEMORANDUM DECISION

Petitioner Mother R.S.[1] appeals the Circuit Court of Harrison County's December 27, 2024, order terminating her parental rights to N.S., arguing that the circuit court erred by denying her motion for a post-adjudicatory improvement period and by terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On September 17, 2024, the DHS filed an abuse and neglect petition after the petitioner gave birth to N.S., who was born drug affected. The DHS alleged that the petitioner was incarcerated in July 2024, at which time she was twenty-nine weeks pregnant and tested positive for amphetamines, THC, cocaine, and fentanyl. The DHS further alleged that, upon admission to the hospital to give birth, the petitioner tested positive for Subutex, which was prescribed to her, and fentanyl. The petitioner's parental rights to an older child had been involuntarily terminated in a prior proceeding based upon the petitioner's substance abuse.

At the adjudicatory hearing in October 2024, the court received into evidence the sentencing order from the petitioner's criminal proceedings, the child's birth records, and the dispositional order from the petitioner's prior abuse and neglect case. Based on this evidence, the circuit court found that the petitioner had been sentenced to one to fifteen years of incarceration after pleading guilty to felony possession of heroin with intent to distribute and that her incarceration would continue until at least April 2025. The court also found that the petitioner had abused multiple controlled substances during her pregnancy and was unable to care for the child due to her incarceration. Further, the court found that the petitioner's rights to another child had been involuntarily terminated due to her substance abuse. As a result, the court concluded that aggravated circumstances existed and that the petitioner had not sufficiently remedied the problem

---

[1] The petitioner appears by counsel Heidi M. Georgi Sturm, who filed the brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel Allison McClure McManus appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

or experienced a substantial change in circumstances, as evidenced by her continued substance abuse following the prior termination. Based upon these findings, the court adjudicated the petitioner of abusing and neglecting N.S.

The circuit court held a dispositional hearing in November 2024, where the court took judicial notice of the exhibits presented at the adjudicatory hearing and the resulting order. The court then heard from the petitioner, who testified that she was participating in a substance abuse treatment program while incarcerated, which she expected to complete in April 2025. The petitioner acknowledged that, prior to her incarceration, she was enrolled in substance abuse treatment approximately eight times but asserted that she was now approaching sobriety differently. The petitioner orally requested a post-adjudicatory improvement period. The court then heard from a Child Protective Services ("CPS") worker who testified that the DHS was requesting termination of the petitioner's parental rights based upon her incarceration, the lack of certainty as to whether she would complete her substance abuse program, and the child's young age. The CPS worker further stated that, due to the petitioner's incarceration, N.S. had no emotional connection to the petitioner.

Based upon the evidence presented, the court found that the petitioner had not remedied her substance abuse since her prior involuntary termination, as her substance abuse issues continued in the intervening years. As a result, the court concluded that there was no guarantee that the petitioner would complete the substance abuse treatment program or be released from incarceration in April 2025. The court also found that, as a result of her incarceration, the petitioner had never parented N.S. and would not be able to do so until April 2025 at the earliest. Based upon these findings, the circuit court concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. The court also found that termination of the petitioner's parental rights was necessary for the child's welfare due to the child's young age. Accordingly, the court entered a dispositional order denying the petitioner's motion for a post-adjudicatory improvement period and terminating her parental rights to N.S.[3] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by denying her motion for a post-adjudicatory improvement period and in terminating her parental rights to N.S.[4] We disagree. West Virginia Code § 49-4-610(2)(A)–(B)

---

[3] The unknown father's parental rights were also terminated. The permanency plan for N.S. is adoption in her current placement.

[4] The petitioner raises an additional assignment of error, asserting that the circuit court erred in terminating her parental rights without requiring the guardian to file a report in accordance with Rule 18a and Appendix A of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. However, the petitioner cites to no authority that would require the vacation of a dispositional order in the absence of such a report, cites to no part of the record where she objected to the guardian's failure to file a report prior to disposition, and fails to specifically state how disposition would have been different with a report. *See* W. Va. R. App. P. 10(c)(7) (requiring

permits circuit courts to grant a post-adjudicatory improvement period when a parent files a written motion requesting the same and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." However, the petitioner fails to cite any portion of the record demonstrating that she filed a written motion for an improvement period, and the record contains no indication that such a motion was filed. *See* Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021) (holding that circuit courts are prohibited from granting post-adjudicatory improvement periods in the absence of a written motion requesting the same); *see also* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). As a result, the petitioner is entitled to no relief on this basis.

The petitioner next argues that the circuit court erred in terminating her parental rights. West Virginia Code § 49-4-604(c)(6) allows circuit courts to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) states that there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." In cases involving prior terminations, we have held that "prior to the lower court's making any disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s)." Syl. Pt. 4, in part, *In re George Glen B.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). Here, the evidence presented to the circuit court established that the petitioner did not remedy the circumstances which led to her prior termination, as the petitioner continued to abuse controlled substances until her incarceration two months before the child's birth, resulting in the child being born drug affected. Further, while the petitioner testified that she was treating her

---

that a petitioner's brief "cit[e] the authorities relied on" and contain "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.")*; see also In re T.W.*, No. 21-0574, 2022 WL 123562, at *5 (W. Va. Jan. 12, 2022) (memorandum decision) (determining that, although the circuit court proceeded to disposition without requiring the guardian to file a report, the "petitioner provides no explicit example of how this matter could have possibly been impacted by the provision of a report"). Therefore, we find no merit in the petitioner's argument on this basis.

Additionally, we note that, following the entry of the circuit court's dispositional order in this matter, this Court amended Appendix A – Guidelines for Children's Guardians Ad Litem in Child Abuse and Neglect Cases of the West Virginia Rules of Procedure for Child Abuse Neglect Proceedings by order entered January 21, 2025, Re: Approval of Proposed Amendments to Appendix A and Appendix B of the Rules of Procedure for Child Abuse and Neglect Proceedings, No. 24-601. This amendment removed language requiring guardians to file a written report prior to the disposition hearing and instead requires guardians to "provide an oral report" at the disposition hearing "unless a written report is required by the Court or deemed necessary by the [guardian]." R. P. Child Abuse & Neglect Proc. App. A(C)(5).

sobriety differently on this occasion, the court was also presented with evidence of the petitioner's continued substance abuse after receiving prior treatment. The court appropriately found that potential improvement by the petitioner was speculative at the time of the dispositional hearing. Accordingly, we conclude that the circuit court did not err in finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future.

The petitioner further argues that termination of her parental rights was not necessary for the child's welfare, as N.S. was not in an adoptive placement at the time of disposition and her permanency would not be affected. However, there is no requirement that a permanent placement be established at the time of the dispositional hearing. To the contrary, Rule 43 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that permanent placement of a child could take up to twelve months after entry of the final dispositional order and contemplates further delay if the court makes findings as to "extraordinary reasons" justifying the same. Obviously, this rule does not preclude identifying a permanent adoptive placement at the time of the final dispositional hearing, but the petitioner's argument that termination cannot occur *absent* such a permanent placement option is simply without merit.

While the petitioner argues that she should have been given an opportunity to be reunified with the child, the record support the circuit court's finding that there was "no reasonable likelihood" that the petitioner would complete her substance abuse treatment or be released from incarceration in the near future. Moreover, the circuit court appropriately considered N.S.'s welfare in terminating the petitioner's parental rights, taking into consideration the child's young age. *See In re Cecil T.,* 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 ("[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." (citation omitted)). As such, we conclude that there was sufficient evidence for the circuit court to find that termination was necessary for the child's welfare. Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6); Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). Accordingly, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 27, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 25, 2025

4

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison